### SLUTZK et al. v. ROTH.

(Supreme Court, Appellate Term. April 8, 1911.)

1. LANDLORD AND TENANT (§ 17*)—ESTOPPEL BY CONDUCT—EXECUTION OF LEASE.

Defendant, by representing to plaintiff that he signed a lease to premises occupied by plaintiff, and by collecting rent thereunder, is estopped from denying that he executed the lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 42–44; Dec. Dig. § 17.*]

2. LANDLORD AND TENANT (§ 184*)—ACTION TO RECOVER DEPOSIT AS SECURITY —PROOF—VARIANCE.

Where plaintiff alleged, in his bill of particulars in an action to recover money paid defendant as security for performance of covenants of a lease executed by defendant to plaintiff, that the lease was in writing, he cannot prove a parol lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 184.*]

3. EVIDENCE (§ 427*)—PAROL EVIDENCE—EXTRINSIC FACTS—SHOWING EXECUTION.

In an action by a tenant to recover money paid as security for performance of the covenants of the lease in which defendant denied execution, plaintiff could show by parol the circumstances under which the lease was delivered, to show that it was executed by defendant, though it was in writing.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 427.*]

4. LANDLORD AND TENANT (§ 184*)—RENT—SECURITY—ACTION FOR BREACH—EVIDENCE.

The tenant could show, in an action to recover money paid the landlord as security for performance of the covenants of a lease executed by the latter, that he was ousted during the term by paramount title, so as to breach the covenants.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 184.*]

Appeal from City Court of New York, Trial Term.

Action by Abraham Slutzk and another against P. Marcus Roth. From a judgment dismissing the complaint, plaintiffs appeal. Affirmed.

Argued before SEABURY, BIJUR, and PAGE, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Abraham H. Sarasohn, for appellants.
Emerich Kohn, for respondent.

SEABURY, J.   The plaintiffs sue to recover money alleged to
have been paid the defendant as security for the faithful performance
of the covenants of a lease, which the complaint alleges was entered
into by the parties to this action.  The complaint does not allege wheth-
er the lease was written or oral.  The plaintiffs' bill of particulars,
however, alleges as follows:

"The alleged agreement or lease referred to in the complaint was verbal.
The terms of the said alleged agreement or lease referred to in the plaintiffs'
complaint were originally verbal, but were thereafter, and, to wit, on January
31, 1910, reduced to writing, by an. instrument which the defendant repre-
sented to the plaintiff was executed by him, but, as the plaintiff subsequently
discovered, was signed by Miriam Kohn."

Upon the trial the plaintiff did not offer the lease in evidence, or
offer parol evidence to show that the defendant was the real party in
interest, or that the defendant was the owner of the property and had
represented that he had signed the lease.  Instead of so doing, the
plaintiff attempted to show the oral agreement which he had with the
defendant, and which, as the statement in his bill of particulars shows,
was thereafter reduced to writing.  Objection being made to this evi-
dence, upon the ground that the oral arrangement was embodied in
the writing, the court excluded the evidence which the plaintiff offered.
The plaintiff noted an exception to the ruling of the court, and suf-
fered a nonsuit.  From the judgment entered upon the nonsuit, the
plaintiff appeals to this court.

We think that the rulings of the court below were correct.  [1]
The complaint shows that the plaintiff relied upon the lease.  It is
claimed that the defendant was the owner of the premises demised,
and, although the lease seems to have been signed by a third person,
the claim is made that the defendant represented to the plaintiff that
he had signed it and collected rent under it.  If these circumstances
can be proved, the defendant would be estopped from denying that the
lease was his act.  [2] The plaintiff, having formally stated in his
bill of particulars that his agreement with the defendant was reduced
to writing, cannot be permitted to ignore the writing and prove an
agreement resting in parol.

[3] We think that it was competent for the plaintiff to attempt to
show by parol the circumstances under which the lease was delivered,
for the purpose of establishing that the lease was in fact the act of
the defendant.  [4] Having established that the written lease was
the act of the defendant, it would then be competent for the plaintiff
to show that he was ousted during the term demised by paramount
title.  It was not, however, competent for the plaintiff to ignore the
written lease, under which the security had been given, and attempt
to prove an oral agreement between the parties, in view of his own
statement, made in his bill of particulars, that the verbal agreement
had been reduced to writing.  The written lease was designed to be
the sole repository and evidence of the final conclusions of the par-
ties, and the plaintiff. having declared upon it, could not disregard it

upon the trial. The plaintiff failed to prove the cause of action alleged, and it follows that his complaint was properly dismissed.

Judgment affirmed, with costs. All concur.